IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00761-WJM-NRN

SAMMIE LEON LAWRENCE IV,

Plaintiff,

v.

CITY OF BOULDER, COLORADO, a municipality; and
WAYLON LOLOTAI, in his individual capacity,

Defendants.

## ORDER

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before the Court pursuant to Orders (Dkt. #46 & 62) referring the subject motions (Dkt. ##45 & 28) entered by Judge William J. Martinez. Now before the Court are the Motion to Stay Discovery by Defendants City of Boulder and Officer Waylon Lolotai (Dkt. #61), and the Plaintiff's request for discovery pursuant to Rule 56(d) (itself contained in Plaintiff's Response to Defendants' Combined Motion for Summary Judgment at Dkt. #28 at 32–33).

The Court has carefully considered the motion for stay and the request for additional discovery. The Court has taken judicial notice of the Court's file and has considered the applicable Federal Rules of Civil Procedure and case law. The Court heard argument on the Motion to Stay on November 30, 2021. Argument is not necessary on the request for discovery pursuant to Rule 56(d). The Court, now being fully informed, makes the following order.

1

**The Law Relating to Stays of Discovery**

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of this Court's discretion. *Id.*

In this District, a stay of all discovery is generally disfavored. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009). However, courts have routinely recognized that a stay of discovery may be appropriate while issues of immunity or jurisdiction are being resolved. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue, and discovery should not be allowed while the issue is pending); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same). Similarly, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003); *see*

2

*Vivid Techs., Inc. v. Am. Science & Engineering, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

When considering a stay of discovery, this Court should take into account the following: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the Court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2.

**Background of the Case**

This is a civil rights lawsuit brought by an African American man after he was arrested while allegedly lawfully and respectfully exercising his claimed right to film a police officer who was questioning people in a public park. Plaintiff asserts claims under 42 U.S.C. § 1983 against the City of Boulder pursuant to *Monell v. Department of Social. Services of City of New York*, 436 U.S. 658 (1978), and against the arresting officer for violations of the First Amendment right to free speech and the Fourth Amendment's prohibition against unlawful arrest. (*See* Dkt. #1.)

Defendants answered the Complaint on May 17, 2021. (Dkt. #15.) The next day, on May 18, 2021, Defendants filed a combined motion for summary judgment. (Dkt. #16.) The summary judgment motion is based on body-camera video of the incident, which Defendants claim shows that the arresting officer acted reasonably and appropriately when Plaintiff (who was holding a large stick or staff) inserted himself into and arguably interfered with the officer's investigation while trying to video the interaction. Defendants argue that, at the very least, Officer Lolotai is entitled to

3

qualified immunity because his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. (Dkt. #16 at 8.) Defendants argue that no constitutional violation occurred at all, but if it did, it is not apparent that the constitutional right was clearly established. (*Id.*)

After filing their motion for summary judgment on May 18, 2021, Defendants did not seek a stay. This Court held a Scheduling Conference on May 25, 2021 and entered a Scheduling Order on that date. (*See* Dkt. #20.) Nothing was mentioned at the Scheduling Conference about a stay of discovery and the Scheduling Order was entered without any mention of a stay of discovery, despite the fact that Defendants already had filed their summary judgment motion. Instead, the Scheduling Order anticipated that discovery would proceed normally. *Id.*

Plaintiff responded to the motion for summary judgment on June 29, 2021. (*See* Dkt. #28.) Plaintiff's response addresses substantive aspects of Defendants' motion but also requests discovery pursuant to Rule 56(d). (*See* Dkt. #28 at 32–33.) Pursuant to Rule 56(d), when a nonmovant facing a summary judgment motion "shows by . . . declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it, [or] allow time to obtain [discovery]." Plaintiff has submitted the required declaration by his counsel, explaining the importance of obtaining discovery relating to, among other things, the City's procedures regarding the right of the public to observe police conduct, in order to establish *Monell* liability. The declaration also explains that a Rule 30(b)(6) deposition of the City of Boulder and the deposition of Officer Lolotai would be required to show that

4

the arrest of Mr. Lawrence was without probable cause and that the officer did not face any threat. (*See* Dkt. #28-2 (Decl. of Daniel D. Williams).)

Defendants filed their reply in support the summary judgment motion on July 16, 2021. (Dkt. #35.) In their reply, they argue, among other things, that no additional discovery is needed to respond to the motion for summary judgment and that a hope that a witness will contradict sworn testimony is not sufficient to delay entry of summary judgment to conduct discovery.

On October 15, 2021, nearly five months after the entry of the Scheduling Order that anticipated that discovery would move forward (and five months after moving for summary judgment), Defendants moved to stay any additional discovery in the case pending the decision on the summary judgment motion. (Dkt. #45.) The claimed reason for the delay in seeking a stay of discovery was that Plaintiff was finally getting around to noticing the deposition of Officer Lolotai and a Rule 30(b)(6) deposition of the City, which Defendants hoped to avoid. Defendants argue that in light of the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), stays should be granted where a dispositive motion (or early summary judgment motion) may dispose of an entire case. Defendants also argue that a stay of discovery should be required while Plaintiff's Rule 56(d) request is being ruled on. According to Defendants, allowing discovery to proceed while the Rule 56(d) request is pending somehow undercuts the "design and purpose" of Rule 56(d), which Defendants argue (without any citation to authority) "operates to bar all discovery pending a summary judgment motion seeking dismissal of an entire case unless the non-movant satisfies its thresholds." (Dkt. #45 at 3.)

**Analysis**

Defendants' requested stay of discovery will be denied. First, Defendants' argument that Rule 56(d) somehow acts as a bar to discovery pending a decision on an early summary judgment motion is simply wrong. What Rule 56(d) does is allow a delay of *consideration* of the motion until the non-moving party can muster evidence through discovery to justify its opposition. *See Columbian Fin. Corp. v. Bowman*, 768 F. App'x 847, 853–54 (10th Cir. 2019) (citing Rule 56(d) as permitting a non-movant to seek to defer consideration of a motion for summary judgment by "show[ing] . . . that, for specified reasons, it cannot present facts essential to justify its opposition"). But nothing about Rule 56(d) requires or even anticipates a stay. Absent a party seeking a stay, discovery moves along in the normal course even with the filing of an early motion for summary judgment. Defendants also argue that by denying a stay of discovery, this Court would be somehow pre-empting Judge Martinez's decision on the Rule 56(d) request, which originally was pending before him as part of the summary judgment motion. That portion of the summary judgment motion has since been referred to me, avoiding the problem of a Magistrate Judge possibly overriding or preempting a District Judge.

Second, the Court finds that the *String Cheese* factors do not support entry of a stay in this case. The Court finds that the interest of Plaintiff to proceed expeditiously outweighs any burden on Defendants of having to participate in discovery while their summary judgment motion is pending. Waiting until the summary judgment is decided could delay progress in this case by six months or more. As Judge Boland noted, "Defendants always are burdened when they are sued, whether the case ultimately is

dismissed; summary judgment is granted; the case is settled; or a trial occurs. That is a consequence of our judicial system and the rules of civil procedure. There is no special burden on the defendant in this case." *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (denying *unopposed* motion to stay).

As to the notion that Officer Lolotai's potential qualified immunity defense justifies a stay of discovery, that might be the case if Officer Lolotai were the only defendant and he had moved to dismiss under Rule 12(b)(6) for failure to state a claim and sought a discovery stay prior to answering, or prior to the Scheduling Order being entered. Instead, he (and the City) have already participated in written discovery. They are only seeking a stay now that they perceive the proposed deposition discovery to be inconvenient. Waiting five months to seek a stay of discovery, after already having participated in written discovery, removes the persuasive force from the argument that raising an immunity defense should stop discovery. In addition, even if Officer Lolotai is successful in showing that he is entitled to qualified immunity, the case against the City might well go forward, as municipalities are not entitled to assert the defense of qualified immunity. Officer Lolotai will still be a witness, even if the case is limited to the *Monell* claims against the City. Plaintiff should be entitled to take his deposition, whether Officer Lolotai ultimately is a defendant or not.

As to the third *String Cheese* factor, the Court has an interest in managing its docket by seeing cases proceed expeditiously. Staying discovery while a motion for summary judgment is pending, maybe for months, does little to ensure that the case is ready to proceed expeditiously if the summary judgment motion is denied. Finally, the

7

Court finds that the interests of non-parties and the public interest do not greatly favor one side.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion to Stay Discovery (Dkt. #45) is **DENIED**. It is further

**ORDERED** that Plaintiff's request under Rule 56(d) is **GRANTED**. Plaintiff and Defendants shall promptly schedule the requested Rule 30(b)(6) deposition and deposition of Officer Lolotai. Within 10 days from the receipt of the transcript of the completed depositions, Plaintiff shall file any supplemental opposition with the Court. It is further

**ORDERED** that within five (5) days from the entry of this Order, Plaintiff's counsel shall inform the Court of the planned schedule for the depositions and the anticipated date of receipt of the transcripts, so that Judge Martinez's Chambers can plan accordingly.

**SO ORDERED.**

Dated:    December 7, 2021
          Denver, Colorado                    N. Reid. Neureiter
                                              United States Magistrate Judge